## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

Ramon  Villabrille                                          Case No.: 15-11543 AJC
SSN: xxx-xx-7099                                          Chapter 13

_____Debtor(s)_____/

## MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN
## ON REAL PROPERTY

### IMPORTANT NOTICE TO CREDITORS:
### THIS IS A MOTION TO VALUE YOUR COLLATERAL

**This Motion seeks to value collateral described below securing the claim of the creditor listed below.**

_____

**IF YOU DISPUTE THE VALUE ALLEGED OR TREATMENT OF YOUR CLAIM PROPOSED IN THIS MOTION, YOU MUST FILE A WRITTEN OBJECTION NO LATER THAN TWO BUSINESS DAYS PRIOR TO THE SCHEDULED HEARING [SEE LOCAL RULE 3015-3(A)(2)]**

1.      Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, and Local Rule 3015-3, the debtor seeks to value real property securing the claim of __PNC Bank_ (the "Lender").  Lender holds a mortgage recorded at OR Book ___20565-3915_____ in the official records of Miami-Dade County, Florida.

2.      The real property is located at 270 E 4 ST UNIT 5, Hialeah, FL, 33010, and is more particularly described as follows:

### LOS PORTALES PHASE II CONDO
### UNIT 5 BLDG 270 PH II
### UNDIV 972/140768%
### INT IN COMMON ELEMENTS
### OFF REC 20565-3915
### OR 20872-4160 11 2002 1

LF-77 (rev. 08/01/11)

3.      At the time of the filing of this case, the value of the real property is 85,760.00 as determined by <u>Miami-DadeProperty Appraisal Office</u>.

4.      <u>Wachovia Bank</u> holds liens on the real property, senior to priority to Lender, securing claims in the aggregate amount of $<u> 169,718.87</u>.

5.      *(Select only one):*

   <u> x </u>    Lender's collateral consists solely of the debtor's principal residence.  As there is no equity in the real property after payment in full of the claims secured by liens senior to that of Lender, the value of Lender's secured interest in the real property is $0.

   <u>  </u>    Lender's collateral is not solely the debtor's principal residence.  After payment in full of the claims secured by liens senior to that of Lender, there is equity of $ _____ remaining in the real property.  Accordingly, the value of Lender's secured interest in the real property is $ _____ and the value of the Lender's unsecured, deficiency claim is $ _____.

6.      The undersigned reviewed the docket and claims register and states (select only one):

   <u> x </u>    Lender has not filed a proof of claim in this case.  The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

or

   <u>  </u>    Lender filed a proof of claim in this case.  It shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim.

7.      The subject real property may not be sold or refinanced without proper notice and further order of the court.

**WHEREFORE,** the debtor respectfully requests an order of the Court  (a) determining the value of the real property in the amount asserted in this Motion, (b) determining the secured status of the Lender's lien as stated above, (c) determining that any timely filed proof of claim is classified as stated above, (d) if Lender's secured interest in the real property is determined to be $0,

deeming Lender's mortgage on the real property void and extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case, and (e) providing such other and further relief as is just.

**NOTICE   IS   HEREBY GIVEN THAT:**

1.  In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at least two (2) business days prior to the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing or order of the Court. Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

2.  The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

<u>**CERTIFICATE OF ADMISSION**</u>

**I HEREBY CERTIFY** that I am a member of the Bar of the United States District Court

for the Southern District of Florida and I am in compliance with the additional qualifications to

practice in this Court set forth in Local Rule 2090-1(A).

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY,** that a true and correct copy of the foregoing was sent via ECF and/or regular mail to: Nancy K. Neidich, PO BOX 279806, Miramar, FL 33027, and to all parties on the service list below this 2nd day of June, 2015.

**Submitted by:**

**/s/ Michael Marcer, Esq.**
Florida Bar # 88728
Marrero, Chamizo, Marcer Law LP
3850 Bird Road, Penthouse 1
Coral Gables, FL 33146
Phone: 786-431-2770
Email:bankruptcy@marrerorealestatelaw.com

Service List:

Wachovia/ Wells Fargo Bank
c/o John G. Stumpf, CEO
420 Montgomery Street
San Francisco, CA 94104

Wachovia Bank, N.A. / Wells Fargo
301 S Tryon St
Charlotte, NC 28282

PNC Bank                                    PNC Bank
c/o CT Corporation System, RA              c/o Irene Dorner, CEO
1200 S. Pine Island Road                   2929 Walden Avenue
Plantation, FL 33324                       Depew, NY 14043